**Jack L. HERRONEN, Plaintiff–Appellant,**

v.

**CITY OF IRONWOOD, et al., Defendants–Appellees.**

No. 03–1110.

United States Court of Appeals, Sixth Circuit.

Aug. 4, 2003.

Before GILMAN and GIBBONS, Circuit Judges; and JORDAN, District Judge.*

---

* The Honorable Leon Jordan, United States District Judge for the Eastern District of Ten- nessee, sitting by designation.

*ORDER*

Jack L. Herronen, a Michigan citizen, appeals pro se the summary judgment for defendants in a civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Herronen filed this complaint against the City of Ironwood, Michigan, and numerous employees of the city. He complained that defendants had evicted tenants from a duplex he owned and ordered him to make repairs to the building without giving him any notice. Herronen alleged that these actions violated his right to due process and his right to contract, and constituted an illegal search and seizure, a bill of attainder, and a retroactive enforcement of a statute. The parties filed cross-motions for summary judgment. The district court denied Herronen's motion and granted defendants' motion. On appeal, Herronen reasserts his claims of a due process violation of his right to contract only.

Upon review, we conclude that the summary judgment for defendants must be affirmed, as there is no genuine issue of material fact and defendants are entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In order to state a claim of a denial of due process, Herronen was required to establish the existence of a protected property interest. *Hamilton v. Myers*, 281 F.3d 520, 529 (6th Cir.2002); *Ferencz v. Hairston*, 119 F.3d 1244, 1247 (6th Cir. 1997). In this case, the district court properly concluded that, because Herronen had failed to register his rental properties or have them inspected, as required by the city's housing code, he had no right to enter into contracts to rent the properties. Therefore, he had no legitimate property interest that was subject to the protection of due process.

Herronen has abandoned his claims of illegal search, bill of attainder, and retroactive enforcement of a statute on appeal, and this court therefore need not review those portions of the district court's judgment. *Boyd v. Ford Motor Co.*, 948 F.2d 283, 284 (6th Cir.1991).

The summary judgment for defendants is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.